**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KWANZEL HOWERTON, a minor, by and
through his Next Friend, TINA HOWERTON,

            Plaintiff,

v.

SANDRA BLOMQUIST,

            Defendant.
_____ /

Case Number: 05-71352

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

**OPINION AND ORDER GRANTING:
(1) DEFENDANT'S MOTION IN LIMINE (DOCK. NO. 57); AND
(2) DEFENDANT'S MOTION TO EXCLUDE ANY WITNESSES NOT LISTED ON
PLAINTIFF'S WITNESS LIST (DOCK. NO. 58)**

Now before the Court are Defendant Sandra Blomquist's (1) Motion in Limine; and (2) Motion to Exclude Any Witnesses Not Listed on Plaintiff's Witness List. The Court held a motion hearing on January 22, 2007. Having considered the entire record, and for the reasons that follow, the Court GRANTS Defendant Sandra Blomquist's (1) Motion in Limine; and (2) Motion to Exclude Any Witnesses Not Listed on Plaintiff's Witness List.

**I.    FACTS**

Plaintiff Kwanzel Howerton ("Plaintiff") is a minor represented by his mother, Tina Howerton ("Ms. Howerton"). (Compl. ¶ 1). At the time of the incident that forms the basis of this lawsuit, Plaintiff was in the seventh grade at Sashabaw Middle School ("Sashabaw"). (Pl.'s Resp. 1). Sashabaw is a public school under the administration of Defendant Clarkston Community Schools ("CCS" or the "District"). CCS is an educational municipal organization

operating under the laws of Michigan. (Compl. ¶ 4). Defendant Sandra Blomquist ("Blomquist") was a teacher for CCS who worked at Sashabaw Middle School. (Compl. ¶ 2).

This case revolves around events that took place on November 8, 2004. On that date, Plaintiff was walking down a school hallway with a female student while school was in session. (Pl.'s Resp. 2). Plaintiff tried grabbing the female student's bag of Cheetos in an allegedly playful-type manner. (*Id*.). After witnessing Plaintiff's interaction with the female student, Blomquist allegedly grabbed Plaintiff in the hallway and pushed him into a locker. (Compl. ¶ 7). It is also alleged that Blomquist verbally abused Plaintiff at this time. (*Id*.). Plaintiff then reported the incident to Brenda Bentley, the school social worker. (Pl.'s Resp. 8). At the time of the incident, Blomquist was engaged in her duties as a school teacher for CCS. (*Id*.). Blomquist denies placing her hands on Plaintiff. (*Id*.).

After the incident was reported, Principal Linda Foran took Plaintiff's statement, and statements of other students who witnessed the incident. (*See* Pl's. Resp. Ex. M, Handwritten Student Statements). Plaintiff alleges that he suffered injuries to his back and arms from the incident. (Compl. ¶ 9). On November 9, 2004, Plaintiff sought treatment from a family physician who prescribed pain-relievers and an MRI. (Pl.'s Resp. 8). Principal Foran and Assistant Principal Glenn Gualtieri viewed the bruises the same day that Plaintiff visited the doctor. (*Id*.).

On November 10, 2004, Blomquist was issued a formal reprimand for the incident by Principal Foran. (Pl.'s Resp. 8-9; *see* Pl.'s Resp. Ex. O, Nov. 10, 2004 Letter of Reprimand). Blomquist was then placed on administrative leave during an investigation of the incident. (Pl.'s Resp. 9). Subsequently, Blomquist resigned her teaching position. (*Id.*).

On April 7, 2005, Plaintiff filed a seven-count Complaint[1] against CCS and Blomquist. Plaintiff brought the following claims against Blomquist: Assault, Battery, Intentional Infliction of Emotional Distress, Gross Negligence/Qualified Immunity, and civil rights violations. Plaintiff brought the following claims against CCS: Gross Negligence, *Respondeat Superior*, Section 1983 Municipal Liability, and civil rights violations.

Defendant CCS filed a Motion for Summary Judgment on July 31, 2006, which this Court granted on September 8, 2006. *See* 2006 WL 2594476. Defendant Blomquist, the remaining defendant, filed the instant motions in limine.

## **DEFENDANT'S MOTION IN LIMINE (DOCK. NO. 57)**

**II.     ANALYSIS**

    **A.     Standard**

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Evidence that is not relevant is not admissible." FED. R. EVID. 402. Federal Rule of Evidence 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

---

[1] 
| Count I: | Assault |
| Count II: | Battery |
| Count III: | Intentional Infliction of Emotional Distress |
| Count IV: | Gross Negligence/Qualified Immunity |
| Count V: | Respondeat Superior/Vicarious Liability |
| Count VI: | Violation of Civil Rights (Blomquist) |
| Count VII: | Civil Rights Violation (Clarkston Community Schools) |

Under FRE 404, a person's prior bad or wrongful acts are not admissible to prove the character of a person in order to show that the person acted in conformity with his or her alleged character. However, evidence of other crimes, wrongs, or acts may be admissible

> for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

FRE 404(b). Therefore, FRE 404 does not completely bar evidence of prior bad acts. Federal Rule of Evidence 802 states that hearsay – a statement other than one made by the declarant while testifying at trial or a hearing, offered into evidence to prove the truth of the matter asserted – is generally inadmissible absent an exception.

### B.  Discussion

#### 1.  Defendant's prior bad acts

Defendant argues that her alleged prior bad act of assaulting another student is inadmissible as character evidence because it is irrelevant to whether she committed the alleged assault upon Plaintiff. Plaintiff contends that the evidence meets the test of FRE 404(b) and that the evidence is more probative than prejudicial under FRE 403.

Federal Rule of Evidence 404(b) "is actually a rule of inclusion rather than exclusion, since only one use is forbidden and several permissible uses of such evidence are identified." *United State v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985). The uses stated in the rule are not exclusive. *Id*. The Sixth Circuit, in *United States v. Vincent*, 681 F.2d 462 (6th Cir. 1982), created a two-prong test for admission of evidence under FRE 404(b). "[The Court] must determine that the evidence is relevant; that is, the evidence must relate to a matter which is "in

issue," and must deal with conduct substantially similar and reasonably near in time to the offenses for which the defendant is being tried." *Blankenship*, 775 F.2d at 739.  If the Court determines that the relevancy criteria are met, the Court may still exclude the evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *Id*.

In the instant case, Plaintiff asserts that he wants to use the evidence to show Defendant's pattern of behavior.  Following the two-prong test, this Court must determine whether the evidence is relevant.  This Court should find that a prior assault on a student is relevant to the case at bar, as Plaintiff claims he was himself assaulted by Plaintiff, and that makes Defendant's assault on Plaintiff more likely or less likely under FRE 401.  However, the "relevancy standard requires that other-act evidence be admitted only if, after an examination of all the evidence in the case, the trial court concludes that the jury could reasonably find by a preponderance of the evidence that the act occurred and that the defendant was the actor." *United States v. Matthews*, 440 F.3d 818, 828 (6th Cir. 2006).  The "findings need not be express, but rather, may be implicit by virtue of the fact that the court admitted the evidence." *Id*.

Plaintiff argues that the evidence which supports that another student was assaulted by Plaintiff is the alleged prior victim's testimony.  Defendant has never admitted to assaulting any student and continues to claim her innocence.  Therefore, the Court is not convinced that a jury could reasonably find, by a preponderance of the evidence, that the prior act occurred and that Defendant was the actor. That would necessitate a trial within a trial.  Accordingly, the Court finds the evidence inadmissible and grants Defendant's motion to exclude any evidence as to the the alleged prior assault on another student.

    **2.  Other Evidence**

Next, Defendant argues that FRE 402, 403, and 404 prevent introduction of evidence of:

1. An alleged romantic relationship Plaintiff had with a student;
2. Plaintiff's alleged psychological/mental problems;
3. Alleged panic attacks suffered by Plaintiff;
4. A PPO filed by Plaintiff against Charles Young, another employee of CSS; and
5. An incident where it is alleged that Plaintiff flirted with a parent at a parent-teacher conference.

Defendant avers that none of the above allegations have anything to do with the lawsuit at hand. Defendant contends that there are no sexual allegations made by Plaintiff against the Defendant. Defendant asserts that any past psychological problems or panic attacks do not make it more probable that Defendant assaulted Plaintiff. Further, Defendant argues that none of the above allegations have any relevance or materiality to whether or not a physical assault occurred on the date in question.

Plaintiff responds that Defendant's mental situation is relevant to her perception of the events at issue and to her deteriorating state. Plaintiff asserts that the alleged affair with a student indicates a pattern of Defendant using her position as a teacher to manipulate young victims, either sexually or physically. Likewise, Plaintiff avers that Defendant's alleged flirting with a parent at a parent-teacher conference goes to Defendant's use of her teaching positions to achieve inappropriate personal desires, at the expense of her students. Plaintiff also argues that Defendant's alleged panic attacks are relevant because they go to the effectiveness of her medication and her deteriorating mental state.

The Court finds that the allegations: a romantic relationship with a student, psychological/mental problems, panic attacks, the PPO, and Defendant's alleged flirting with a student's parent are not relevant as evidence in the instant case. None of this evidence has a

tendency to show that Defendant's alleged assault of Plaintiff is more probable or less probable than without the evidence. Thus, it is inadmissible under FRE 402.

Accordingly, the Court grants Defendant's motion to exclude evidence of Defendant's alleged romantic relationship with a student, her alleged psychological/mental problems, panic attacks, the PPO, and Defendant's alleged flirting with a student's parent.

### 3. Plaintiff's Personnel File

Defendant also argues that all of the information in her personnel file – including emails sent to parents, a letter from Principal Linda Foran advising Defendant that she needed to be more professional, internal documents of Defendant's panic attacks, a memo regarding inappropriate music being played in Defendant's classroom, and an incident report which makes reference to Defendant's crying in September 2004 – is hearsay and must be excluded as a matter of law. Plaintiff argues that the information is admissible under an exception to the hearsay rule, as records of regularly conducted activity, and as a public record.

In *Martin v. Funtime, Inc*., 963 F.2d 110 (6th Cir. 1992), the Sixth Circuit clarified whether a business's personnel files were admissible under a hearsay exception. There, the court found:

> [I]t is certain the personal [sic] records would be admissible under Fed. R. Evid. 803(6) as business records. The records in this case were compiled by Funtime or its employees; were kept in the course of a regularly conducted business activity, i.e. personnel management; and, it was the regular practice of [the employer] to keep such records. Therefore, we find that these employment records would be admissible under the business records exception.

*Id*. at 116. Federal Rule of Evidence 803(6) states:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a

7

regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Similar to *Martin*, CCS compiled a personnel file on Defendant, which was kept in the course of regularly conducted business. There is no allegation by Plaintiff that it was not the regular practice of the school or school district to keep such records. Additionally, the Court is aware that schools regularly maintain such files on their employees, teachers included. In this regard, a school or school district's files on its employees are no different than employee files kept by business which are non-governmental.

However, regardless of whether the personnel file is a hearsay exception under Rule 803, the Court finds, in line with its rulings above, that the information contained in the file is not relevant to whether Plaintiff was assaulted by Defendant. Accordingly, the Court finds that the evidence contained in Defendant's personnel file is not admissible in the instant case.

### III.     CONCLUSION

For the reasons stated, the Court GRANTS Defendant's Motion in Limine.

## DEFENDANT'S MOTION TO EXCLUDE ANY WITNESSES NOT LISTED ON PLAINTIFF'S WITNESS LIST (DOCK. NO. 58)

**II.     ANALYSIS**

Defendant argues that Plaintiff added individuals as witnesses on his final pretrial order months after the date for the witness list was due and after discovery had ended. Defendant requests that this Court exclude those witnesses who were not listed on the final witness list filed by Plaintiff on March 15, 2006.

Plaintiff responds that Defendant had full knowledge of the witnesses and still has ample time to depose those witnesses before trial in March 2007. Plaintiff also points out that discovery continued after the witness list was filed.

Initially, the Court notes that Plaintiff's Response identified the following witnesses were added to the Final Pretrial Order, but not listed on the March 15, 2006 witness list:

1. Kirk Matich - Clarkston School Officer/Liaison;
2. Casey Hunt – Student with whom Defendant was involved and was advised to break off;
3. Mrs. Venetoni – Casey Hunt's mother;
4. Vince Licata – Assistant Principal of Clarkston Middle School;
5. Carolyn Sovoie;
6. Jerry Ostrum; and
7. Chuck Young – Defendant's colleague with whom she allegedly fabricated an affair, and filed a PPO against.

Given the Court's ruling on the prior motion in limine, the Court need not address proposed witnesses Casey Hunt, Mrs. Venetoni and Chuck Young, as the Court found the subject matter on which they would testify was not relevant. As to the remaining late witnesses, the Court finds that because Plaintiff did not timely amend his witness list and only identified them on his final pretrial order, the witnesses will be excluded from testifying at trial.

Accordingly, the Court excludes Plaintiff from calling Kirk Matich, Casey Hunt, Mrs.

Venetoni, Vince Licata, Carolyn Sovoie, Jerry Ostrum, and Chuck Young at trial.

### III. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Exclude Any Witness Not Listed on Plaintiff's Witness List.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2007

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 1, 2007.

s/Denise Goodine
Case Manager